IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DUSTIN JOHNSON,                               :
                                              :
                                              :
        Plaintiff,                            :
                                              :
v.                                            :
                                              :
MORRIS SCHNEIDER WITTSTADT,                   :       CIVIL ACTION NO.
LLC, *et al.*,                                :       1:14-CV-3457-LMM
                                              :
                                              :
        Defendants.                           :

## **ORDER**

On November 23, 2015, this Court held a hearing to discuss a variety of

discovery disputes between the parties. After discussion regarding the status of

prior discovery disputes, it was determined that the sole issue before the Court at

this time is whether Mark Wittstadt and Gerard Wm. Wittstadt, Jr. (collectively,

"Wittstadt Defendants") in their individual capacities would be deemed to

possess, have custody over, or control the "Debtor Law Firms' documents"

consistent with Federal Rule of Civil Procedure 34(a)(1). The Wittstadt

Defendants argue that the Eastern District of Virginia Bankruptcy Court's recent

Document Production Protocol ("Protocol") dictates that they are required to

seek Bankruptcy Court permission to obtain access to any of the Debtors'

documents.

The Court finds that as a general matter, the Wittstadt Defendants' objection regarding this issue are **OVERRULED,** and they are deemed to possess, control, and have within their custody the Debtors' documents. Fed. R. Civ. P. 34(a)(1); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); Meeks v. Parsons, No. 1:03-CV-6700-LJO-GSA, 2009 WL 3003718, at *3 (E.D. Cal. Sept. 18, 2009) ("Because a corporation is a distinct legal entity, a party cannot require another party who is an officer or director of a corporation to produce corporate documents **other than** those he has **in his possession** or those he has a **legal right to obtain on demand**.") (emphasis added). The Wittstadt Defendants are debtors-in-possession in the bankruptcy, and they do not dispute they can and have accessed the relevant documents. They also do not dispute that they control the Debtors and their counsel. See Dkt. No. [82-1] at 113:18-20.

The Court also finds that nothing in the Bankruptcy Court's Protocol prevents this finding. First, bankruptcy counsel for the Debtors, Jennifer McLemore, assured Kathleen Matsoukas, Plaintiff's counsel, via email that "the information [the Debtors] were seeking to protect [via this protocol] is not the type of information your client or other litigation parties seek." Counsel for the Wittstadt Defendants admitted he did not know about this Protocol until reviewing the bankruptcy docket prior to the hearing and, unlike Plaintiff's counsel and the Debtors' bankruptcy counsel, was not involved in its drafting.

Second, the express terms of the Protocol support that interpretation. The term "Confidential Information" expressly only applies to the Lender Clients' confidential information, and "Lender Clients" is defined as "the Debtors clients in the foreclosure, bankruptcy, evictions or litigation actions, and/or origination and/or closing work for which the Debtors were providing services to their current or former lender clients." The Court finds this Protocol plainly applies to documents which relate to their foreclosure and origination business, not to the claims at issue here. The Protocol also states

> this Order and the provisions herein shall not apply or be construed to limit the rights of any party in interest, creditor, Litigation Party or other individuals or entities to pursue discovery under the applicable state or federal rules of procedure including any Local Bankruptcy Rule applicable to this Court in connection with claims, objections, motions, adversary proceedings, or other contested matters relating to the above-captioned bankruptcy or other litigation proceedings outside of this Court. For the avoidance of doubt, except with respect to the treatment of Confidential Information as otherwise provided herein, **this Order does not alter any obligations placed upon the Debtors to preserve, and protect, and produce information in connection with pending or contemplated litigation or claims in accordance with applicable laws and rules.**

Case No. 15-33370 (KLP), Dkt. No. [661] at 10 (emphasis added).

Nothing in this Order prevents the Wittstadt Defendants from making undue burden, relevance, or cost objections once revised discovery has been served, and the Court again cautions Plaintiff to serve discovery which is tailored to the issues and parties who are not subject to bankruptcy. The Court will assess any objections, as needed, when those issues are ripe.

**IT IS SO ORDERED** this 24th day of November, 2015.

Leigh Martin May
**United States District Judge**